FILED
JUL 17 2006
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

ELIZABETH RODRIGUEZ MENDEZ

　　　　　　Debtor.
_____/

Case No. 05-62634-A-7F
DC No. RK-10

FINDINGS OF FACT AND
CONCLUSIONS OF LAW RE
MOTION BY DEBTOR TO DISMISS
CHAPTER 7 PETITION

　　　A hearing was held May 17, 2006, on the motion of Elizabeth Rodriguez Mendez (the "Debtor") to dismiss her chapter 7 case. At the hearing, James Salven, the chapter 7 trustee, testified, as did Ms. Mendez. Following the hearing, the court allowed additional briefing and set a time for transcripts of the 341 meetings in the case to be filed, and the matter was deemed submitted as of June 12, 2006. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (O).

　　　The Debtor filed her chapter 7 case on October 17, 2005, the first day that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") was effective. After filing an initial motion to dismiss in pro se, which was denied for procedural reasons, Debtor filed this motion on May 5, 2006. in the motion, Debtor asserts that she was induced to file chapter 7

1

by one John DeRosa, a non-attorney who purported to be an attorney. She asserts that Mr. DeRosa prepared the petition for her and forged her signature on it and that she never intended to file bankruptcy. She further asserts that she filed a certificate of credit counseling, which shows that she obtained credit counseling on January 3, 2006, after the date she filed her petition. Thus, she argues that under 11 U.S.C. § 109(h)(1), she is not eligible to be a debtor, and the court must dismiss the case.

The chapter 7 trustee opposes dismissal of the case because there is equity in the Debtor's residence which will result, if the residence is sold, in payment of her claimed exemption and a significant distribution to unsecured creditors.

<u>The Facts.</u>

On December 1, 2005, an order to show cause issued and was served indicating that no certificate of credit counseling or employee income record had been filed in the case. A hearing on the order to show cause was set for January 4, 2006. On January 4, 2006, the debtor filed a certificate of credit counseling, indicating that she had received credit counseling from an approved provider on January 3, 2006. Therefore, at the hearing on January 4, 2006, the court dismissed the order to show cause.[1]

---

[1] The chapter 7 trustee was present at the hearing. In this case, as well as in other cases filed immediately after the effective date of BAPCPA, the court gave debtors who had filed unaware of the new requirement of prepetition credit counseling a brief opportunity to obtain the credit counseling postpetition. Without necessarily making a formal appearance in each of these matters, the United States Trustee did not lodge any objection to this manner of proceeding. Since those first days under BAPCPA,

2

The transcript of the January 4, 2006, hearing shows that Debtor appeared in pro se and indicated to the court that she could file the certificate of credit counseling on January 4, which she, in fact, did. The chapter 7 trustee held the meeting of creditors under 11 U.S.C. § 341(a) in three stages. At the initial meeting on December 5, 2005, the Debtor was "represented" by John DeRosa, who the transcript shows as "Mr. Divozzo." He stated that he was appearing for Elizabeth Mendez. Neither Ms. Mendez nor Mr. DeRosa stated that she did not wish to be a debtor in a chapter 7 case.

At the continued meeting on January 26, 2006, Mr. DeRosa again appeared and purported to represent Ms. Mendez.[2] At that meeting, the trustee asked Ms. Mendez additional questions about her house and the schedules. She also had a number of questions for Mr. Salven about creditors changing their address and continuing to collect after the bankruptcy was filed.

The trustee asked the Debtor why Michaelina Mendez had been placed on title of her residence in April 2003. Ms. Mendez responded that she should always have been on title and that Michaelina Mendez, her daughter, is permanently disabled. Trustee asked further questions about the residence, and the debtor answered that the residence was subject to a deed of trust

---

the court has generally dismissed cases on the motion of the United States Trustee for failure to meet the eligibility requirements of 11 U.S.C. § 109(h), unless some exception to that requirement is present.

[2]There is no record of attorney John DeRosa with an office in Fresno, California, in the records of the State Bar of California.

3

```
 1  in the amount of about $170,000, and that she believed it had a
 2  value of about $390,000.  The trustee then attempted to explain
 3  to the debtor the problems that might likely arise in the case
 4  with respect to her transfer of an interest in the residence to
 5  her daughter.  He also explained to the debtor that her claimed
 6  exemption of $440,000 was not allowable and that she was entitled
 7  to claim, if she were disabled, $150,000.  He recommended to Ms.
 8  Mendez that she retain an attorney well versed in bankruptcy.  At
 9  no time during the proceeding did Ms. Mendez ever say that she
10  had not intended to file a bankruptcy case.  Rather, she had
11  questions about creditors continuing to collect from her after
12  she had filed bankruptcy and about the house.
13       The conclusion of the meeting of creditors was held February
14  23, 2006.  Ms. Mendez appeared herself without Mr. DeRosa.
15  Again, the trustee discussed her claim of exemptions with her and
16  how she had to change it.  At one point, Ms. Mendez stated that
17  "so that's why I tried to do this, a 7, because that's all I
18  could do."
19       Because Ms. Mendez did not amend her claim of exemptions,
20  the trustee objected to the exemption.  On Schedule C, she had
21  claimed a $440,000 exemption in her residence.  In his objection,
22  the trustee pointed out that assuming the debtor is disabled, her
23  allowable exemption in the residence would be no more than
24  $150,000.  The debtor in apparent response filed a letter with
25  the court asking that her bankruptcy petition be dismissed and
26  asserting for the first time that the petition contains forged
27  signatures.  However, Ms. Mendez did not appear at the hearing on
28  the trustee's objection to exemptions.  The court sustained the
```

objection, and the order reflects that her exemption in the residence is limited to $150,000.

Shortly thereafter, construing the debtor's opposition to the trustee's opposition to her claim of exemptions as also a motion to dismiss her case, the court entered an order denying her motion to dismiss, without prejudice, on the grounds that such a motion requires notice and a hearing.

Thereafter, the debtor retained an attorney, Russell M. Koch, and filed a noticed motion to dismiss the case.

At the hearing on the motion, Mr. Salven and Ms. Mendez testified. In her testimony, Ms. Mendez reiterated that she had met John DeRosa, who purported to be an attorney, at her church; he told her to file bankruptcy but that she did not know that the bankruptcy case had been filed; and she had not signed the bankruptcy papers. She stated that she never received a notice of the case, despite the fact that she attended the 341 meeting.

Ms. Mendez was an evasive witness. She denied that she had actually taken a credit counseling course, although she caused a credit counseling certificate to be filed.

Analysis.

First, 11 U.S.C. § 109(h), which requires individuals who file bankruptcy cases to obtain prepetition credit counseling, is an eligibility requirement. As such, it is analogous to an affirmative defense, which is waived if not appropriately raised. See, Matter of Phillips, 844 F.2d 230 (5th Cir. 1998). The United States Trustee does not intend to move to dismiss the case based on lack of eligibility.

Although Ms. Mendez has asserted that she bases her motion

to dismiss on her lack of eligibility to be a debtor, in fact she bases it on her assertion that she did not understand she was actually filing a bankruptcy petition; that she did not intend to file a petition; that DeRosa filed it without her knowledge or consent; and that the signatures on the petition and accompanying documents were forged. She does not want to be a debtor in chapter 7 because the trustee has determined that there is an asset - her residence - that can be liquidated to pay her creditors.

In this instance, the court must ask not whether her failure to obtain prepetition credit counseling makes her ineligible to be a debtor but rather whether dismissal of the case is in the best interests of creditors and the estate. Bankruptcy Code § 707(a) provides that the court may dismiss a chapter 7 case only for cause. A chapter 7 debtor has no absolute right to have his or her chapter 7 case dismissed. Rather, a debtor seeking dismissal of a chapter 7 case must show cause why dismissal is justified. In deciding whether there is cause to dismiss a chapter 7 case, it is appropriate for the court to balance the interests of the debtor against any prejudice to creditors. 9Am. Jur. 2d Bankruptcy § 1020 (2006).

According to the trustee, creditors would be prejudiced by dismissal. The trustee will liquidate the debtor's residence to pay creditors in full, and also, the debtor will receive the full amount of her $150,000 homestead exemption.

The debtor has failed to meet her burden of establishing cause to dismiss the case. Having filed the case to invoke the protections of chapter 7, she is estopped from asserting that her

failure to obtain prepetition credit counseling now makes her ineligible to be a chapter 7 debtor. This is particularly true where neither the chapter 7 trustee nor the United States Trustee are raising that argument. Further, the debtor has not persuaded the court that she was misled in filing the petition. At each successive meeting of creditors, her testimony shows that she understood she had filed a bankruptcy case and that she had no inclination to dismiss the case. She only decided to dismiss the case when the trustee objected to her homestead exemption. At that time, instead of filing a straightforward motion to dismiss, she concocted a rationale about never having intended to be in bankruptcy in the first place.[3]

    For all the above reasons, the motion to dismiss will be denied. The court will issue a separate order.

DATED: July 17, 2006.

/s/ Whitney Rimel

WHITNEY RIMEL, Judge
United States Bankruptcy Court

---

[3]The court takes very seriously the statements of the debtor that Mr. DeRosa purported to be an attorney but was not actually an attorney. The court is separately complying with its obligations under 18 U.S.C. § 3057(a).

|    |                                                                              |
|----|------------------------------------------------------------------------------|
| 1  | PROOF OF SERVICE BY MAIL                                                     |
| 2  | STATE OF CALIFORNIA    )                                                     |
|    |                        ) ss.                                                 |
| 3  | COUNTY OF FRESNO       )                                                     |

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721. On July 17, 2006, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

Russell M. Koch, Esq.
1525 E. Noble, #112
Visalia, CA 93291

Elizabeth Rodrigues Mendez
5688 W. Athens Ave.
Fresno, CA 93722

James Edward Salven
P. O. Box 25970
Fresno, CA 93729

Office of the United States Trustee
2500 Tulare Street
Suite 1401
Fresno, CA 93721


I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on July 17, 2006, at Fresno, California.

                                           *Kathy Torres*
                                  Kathy Torres, PLS